UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA GONZALEZ,

Plaintiff,

v. Case No. 8:26-cv-01054-JLB-AEP

LAKESIDE TOWNHOME ASSOCIATION, INC.,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 28). The undersigned previously denied without prejudice Plaintiff's initial Motion to Appeal *In Forma Pauperis* (Doc. 24), for failure to include the requirements of Federal Rule of Appellate Procedure 24. For the following reasons, the undersigned recommends denying the Motion (Doc. 28)

Motions to proceed *in forma pauperis* on appeal are governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915.[1] *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1287–88 (M.D. Fla. 1998), *aff'd sub nom. DeSantis v. United Techs.*, 193 F.3d 522 (11th Cir. 1999) (citing *Brown v. Pena,* 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd,* 589 F.2d 1113 (5th Cir. 1979)). Under Rule 24, a motion to proceed on appeal *in forma pauperis* must contain an affidavit that: "(A)

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

As with a request to proceed *in forma pauperis* in a district court action, a court considering a request to proceed *in forma pauperis* on appeal must keep in mind its mandate to dismiss a case at any time if it determines the action or appeal is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Pursuant to 28 U.S.C. § 1915(a), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "To satisfy this 'good faith' standard, the appealing party must demonstrate that any issue he seeks to pursue is 'not frivolous when examined under an objective standard.'" *Arias v. Moody*, No. 8:18-cv-304-T-23CPT, 2018 WL 4964640, at *2 (M.D. Fla. Aug. 29, 2018), *report and recommendation adopted*, 2018 WL 4964013 (M.D. Fla. Oct. 15, 2018) (quoting *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008)). "An issue is deemed to be 'frivolous' when 'it appears the plaintiff has little or no chance of success.'" *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). Thus, an application to appeal *in forma pauperis* may be denied "if it appears — objectively — that the appeal cannot succeed as a matter of law." *DeSantis*, 15 F. Supp. 2d at 1289. If the district court denies a motion to proceed *in forma pauperis* on appeal, the court must state its reasons in writing. Fed. R. App. P. 24(a)(2).

By the Motion, Plaintiff seeks to appeal on the following issues: (1) whether the undersigned had the authority to enter an order on the initial Motion to Appeal *In Forma Pauperis* (Doc. 24); (2) whether that order denying without prejudice justified its reason in writing and certified the action was not in good faith; (3) whether Plaintiff may proceed *in forma pauperis*; (4) whether the district court properly denied Plaintiff's request for electronic filing; (5) whether the district court erred by dismissing his case for lack of subject matter jurisdiction; and (6) whether the district court has jurisdiction under the political-question doctrine.

Plaintiff's Motion is due to be denied because it "appears — objectively — that the appeal cannot succeed as a matter of law." *DeSantis*, 15 F. Supp. 2d at 1289. First, even to the extent that the undersigned exceed his authority to enter an order on Plaintiff's initial Motion to Appeal *In Forma Pauperis* (Doc. 24), the district court ratified the order and confirmed that the motion did not comply with Appellate Rule 24 (Doc. 29). Appealing on this issue is frivolous. Second, the undersigned's order denying without prejudice Plaintiff's first motion stated in writing that Plaintiff failed to comply with Appellate Rule 24 and granted leave to cure the deficiencies (Doc. 26). Plaintiff's appeal on this basis is also frivolous.

Next, Plaintiff's third and fifth issues for appeal may be analyzed together. Plaintiff, proceeding *pro se*, initiated this action against Defendant on April 13, 2026 (Doc. 1). Plaintiff simultaneously moved to proceed *in forma pauperis* (Doc. 2). Upon an initial review of the Complaint, this Court directed Plaintiff to show cause as to why his case should not be dismissed for lack of subject matter jurisdiction (Doc.

7). Plaintiff failed to show cause within the allotted time set by the Court (Doc. 12). This Court dismissed Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction and denied all other pending motions as moot, including the Motion to Proceed *in forma pauperis* (Doc. 2) as moot (Doc. 12). The Clerk then entered judgment and closed the case (Doc. 13). Plaintiff cannot succeed on appeal on the denial of his Motion to Proceed *in forma pauperis* (Doc. 2) and dismissal of his case for lack of subject matter jurisdiction. Plaintiff never responded to this Court's show cause order and still has not offered any explanation of this Court's subject matter jurisdiction over the matter. Without subject matter jurisdiction, Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) must be denied. Thus, Plaintiff's appeal on these two issues is frivolous.

Finally, as to Plaintiff's third issue for appeal, the Court was well within its power in declining to make an exception to the general rule that "a pro se litigant is not permitted to file documents in CM/ECF." United States District Court Middle District of Florida, Administrative Procedures for Electronic Filing, p. 3 (April 1, 2024). And on Plaintiff's sixth issue for appeal, the political question doctrine calls for courts to refrain from exercising jurisdiction over certain cases. It does not establish a basis for subject matter jurisdiction. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1280 (11th Cir. 2009) ("The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the

halls of Congress or the confines of the Executive Branch." (internal quotation marks omitted)). Plaintiff's sixth claim of error on appeal is patently frivolous.

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 28) be DENIED.

IT IS SO REPORTED in Tampa, Florida, on this 29th day of September 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. John L. Badalamenti
Counsel of Record